**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DAVID W. HARRIS, | : | HABEAS CORPUS |
| BOP No. 08383-089, | : | 28 U.S.C. § 2241 |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-3580-RWS |
| WARDEN DREW, | : | |
| Respondent. | : | |

**ORDER**

This case marks yet another attempt by federal inmate David W. Harris to attack his sentence collaterally. It is now before the Court on a Final Report and Recommendation ("Final R&R") [8] and Harris's Objections [10] thereto. For the following reasons, this case must be dismissed.

Harris was convicted in 2008 in the Eastern District of Wisconsin for possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). *See United States v. Harris*, No. 2:06-CR-1664-1-RTR (E.D. Wis. July 6, 2006) ("*Criminal Case*") (available through www.pacer.gov). The government filed a notice under 21 U.S.C. § 851 that listed two prior felony drug convictions. *See Criminal Case* [97]. In light of the § 851 notice, Harris was subject to a mandatory minimum sentence of 120 months, and that is the sentence he received.

*See Criminal Case* [112].  Harris's direct appeal and petition for certiorari were both denied.  *See United States v. Harris*, 585 F.3d 394, 397 (7th Cir. 2009), *cert. denied* 130 S. Ct. 2390 (2010).

In May 2010, Harris filed a motion under 28 U.S.C. § 2255 in the Eastern District of Wisconsin seeking to vacate, set aside, or correct alleged error in his sentence.  *See Criminal Case* [134].  That motion was denied in October 2010.  Harris sought reconsideration, and that, too, was denied.  The United States Court of Appeals for the Seventh Circuit denied Harris's requests for certificates of appealability.  *See Harris v. United States*, No. 11-1127 (7th Cir. Aug. 1, 2011); *Harris v. United States*, No. 11-1756 (7th Cir. Nov. 28, 2011) (available through www.pacer.gov).

At some point in 2011, Harris was transferred to the United States Penitentiary in Atlanta, Georgia, and soon thereafter he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court.  *See Harris v. Keller*, No. 1:11-CV-4364-RWS (N.D. Ga. Dec. 14, 2011) ("Harris v. Keller").  This Court dismissed that petition in September 2012 after concluding that Harris "is not entitled to invoke the 'savings clause' in 28 U.S.C. § 2255(e) to avoid the general prohibition in [§] 2255(h) on filing second or successive [§] 2255 petitions without first obtaining approval from the appropriate circuit court of appeals."  [Harris v. Keller [16]].  Harris did *not* appeal.

2

Less than one month after that dismissal, Harris filed another petition in this Court entitled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(a) 'Sawyer's Actual and Factual Innocence Exception.'" [1].  After a Final R&R was entered that recommended that "Harris's petition be [dismissed] because he is ineligible to proceed under § 2241 through invocation of the savings clause under § 2255(e)" [8 at 4], Harris filed objections.  Harris now contends that "[h]is claim has nothing to do with the savings clause," but rather that "[t]he whole basis of my case here is the "Sawyer's Actual and Factual Innocence Exception" [10 at 2-3]. This argument, however, gets Harris nowhere; in fact, that argument requires that this case be dismissed.

Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255 in the federal district where the sentence was imposed. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  There is a limited exception in cases where the "savings clause" in § 2255(e) applies and permits a challenge to be brought under § 2241 in the federal district where the inmate is incarcerated. *Id.* "The applicability of the savings clause is a threshold jurisdictional issue." *Williams v. Warden*, No. 11-13306, 2013 U.S. App. LEXIS 7339, at *8 (11th Cir. Apr. 11, 2013). Thus, as an initial matter in any § 2241 case challenging a federal sentence, it is

3

necessary to determine whether the savings clause applies. *Id.* at \*8-9. Where the "savings clause" does not apply, the court lacks jurisdiction to consider the substance of a § 2241 petition attacking a federal sentence. *Id.* at \*8-9, 11-21.

Because Harris now concedes that "[h]is claim has nothing to do with the savings clause" [10 at 2], this Court is without jurisdiction to consider his § 2241 petition further.

Harris's § 2241 petition [1] is **DISMISSED**.

**SO ORDERED**, this  31st  day of May, 2013.

_____

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)